Jeff Barber
Barber & Associates, LLC
821 N Street, Suite 103
Anchorage, AK 99501
Telephone:  (907) 276-5858
Facsimile:   (907) 276-5817
E-mail:       jeffb@alaskainjury.com
Attorneys for Mark Stowers

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MARK STOWERS,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>        Defendant. | No. 2:15-cv-01810-JAD-NJK<br><br>**As amended, pages 2, 3, 4** |

### STIPULATION FOR CONFIDENTIALITY AGREEMENT AND ORDER

In order to expedite and facilitate the discovery process in this matter, the parties, by and through their counsel of record, hereby stipulate and agree as follows:

Documents produced by State Farm Mutual Automobile Insurance Company and its affiliated companies (hereinafter referred to as "State Farm") containing trade secret, managerial, and any and all other proprietary or confidential information (hereinafter referred to as "Confidential Information"), and all information contained in

2981/11 Stipulation for Confidentiality Agreement and Order
Stowers v State Farm Mutual Automobile Insurance Company, Case No. 2:15-cv-01810-JAD-NJK
Page 1

such documents, shall not be used, shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than as required for the preparation and trial of this action.  Except as provided below, Confidential information shall be kept confidential from all persons, and may not be used by plaintiff's counsel in any other action involving State Farm;

      1.  Any document State Farm produces and which State Farm believes or maintains contains or reveals Confidential Information shall be copied with a protective watermark stating that the document is confidential, and produced pursuant to a confidentiality agreement and order in Stowers v. State Farm Mutual Insurance Company case no. 2:15-cv-01810-JAD-NJK.

      2. The Confidential Information shall not be shown to anyone without the written consent of State Farm, or upon further order of this court, with the following exceptions:    (e) The Court and Court personnel;

    (a) The parties in this action and their counsel of record in this action;

    (b) employees of counsel of record assigned to and necessary to assist counsel in the preparation of trial in this action;

    (c) independent experts and consultants retained by counsel in this action retained to consult with said counsel and/or to testify at trial, provided that no such disclosure shall be made to any person employed by any competitor of State Farm;

    (d) Witnesses who are deposed, subject to the provisions of paragraph 5, below.

2981/11 Stipulation for Confidentiality Agreement and Order
Stowers v State Farm Mutual Automobile Insurance Company, Case No. 2:15-cv-01810-JAD-NJK
Page 2

3. Before being given access to any Confidential Information, any person (except the Court and Court personnel) described in Section 2 above, to whom plaintiffs intend to show, deliver, or disseminate information from Confidential Information, shall be advised of the terms of this stipulation, shall be given a copy of this confidentiality agreement and order, and shall agree to be bound by its terms;

4. To the extent that any Confidential Information contained therein is used in connection with any depositions in this action, the Confidential Information shall remain subject to the provisions of this confidentiality agreement and order, along with the related transcript pages pertaining to the Confidential Information.  At the time any Confidential Information is used in any deposition, the court reporter will be informed of this confidentiality agreement and order, and will be required to proceed in a manner consistent with the terms of the confidentiality agreement and order.  The reporter shall separately label the confidential portions of the deposition transcript;

5. In the event plaintiff disagrees at any time with a designation by State Farm, the parties shall make a good-faith attempt to resolve the dispute on an informal basis.  If the parties cannot resolve the dispute, the party desiring to have the document or documents in question excluded from the terms of this confidentiality agreement may seek appropriate relief from the court and, in connection with any such proceeding, the burden of establishing confidentiality shall be on the party which designated the documents or information as confidential.

2981/11 Stipulation for Confidentiality Agreement and Order
Stowers v State Farm Mutual Automobile Insurance Company, Case No. 2:15-cv-01810-JAD-NJK
Page 3

See order issued concurrently herewith

~~6. In the event a party wishes to use any Confidential Information in any pleading or other paper filed with the court, such paper shall be enclosed in a sealed envelope unless otherwise ordered by the court. The sealed envelope shall:~~

~~(a) Show the caption of this action;~~

~~(b) identify its contents;~~

~~(c) include the following legend: "CONFIDENTIAL INFORMATION; FILED PURSUANT TO CONFIDENTIALITY AGREEMENT AND ORDER."~~

~~7. Unless otherwise ordered by the court, the court clerk shall be directed by counsel for the party submitting pleadings or other papers to maintain under seal any pleading or other paper filed with the court that has been designated, in whole or in part, as containing or revealing Confidential Information. Such direction shall be attached to the sealed envelope and shall state:~~

~~This envelope is not to be opened nor the contents to be revealed except to the court and to counsel in these proceedings, or by order of the court.~~

8. Promptly upon the conclusion of this action, all confidential Information, including all production and work copies (but not including copies which were attached as exhibits to pleadings filed with the court in the civil action), shall be returned to counsel for State Farm. Plaintiff, his counsel, expert(s), and any and all other persons retained by plaintiff who have access to any of the information contained in the confidential Information shall not under any circumstances sell, offer for sale, advertise or

2981/11 Stipulation for Confidentiality Agreement and Order
Stowers v State Farm Mutual Automobile Insurance Company, Case No. 2:15-cv-01810-JAD-NJK
Page 4

publicize the contents of the Confidential Information or the fact that plaintiff has obtained the confidential information.  After the termination of this litigation, the provisions of this stipulation shall continue to be binding, except with respect to those portions of the protected documents or information therein that have become a matter of public record.

      9.  This agreement applies only to the discovery process and does not govern the use at trial of exhibits and testimony designated as "confidential."  The use or handling at trial of documents and testimony designated "confidential" will be governed by the court's orders before or during trial.

      10. This stipulation shall be binding upon the parties, counsel, experts, consultants, employees, agents, legal representatives, and any other people or organizations over which they have control.

      DATED at Anchorage, Alaska this 4th day of February, 2016.

      BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: /s/ Jeffrey J. Barber
    Jeffrey J. Barber
    821 N Street, Suite 103
    Anchorage, AK 99501
    (907) 276-5858 Phone
    (907) 276-5817 Fax
    jeffb@alaskainjury.com
    Alaska Bar No. 0111058

2981/11 Stipulation for Confidentiality Agreement and Order
Stowers v State Farm Mutual Automobile Insurance Company, Case No. 2:15-cv-01810-JAD-NJK
Page 5

DATED at Anchorage, Alaska this 4th day of February, 2016.

        HALL JAFFE & CLAYTON, LLP

By: _____*/s/ Riley A. Clayton*_____
    Riley A. Clayton, Esq.
    Nevada Bar No. 005260
    7425 Peak Dr.
    Las Vegas, NV 89128
    *Attorney for Defendant*

### **ORDER**

IT IS SO ORDERED.

DATED February 5_____, 2016.

By:_____[signature]_____
   United States Magistrate Judge

2981/11 Stipulation for Confidentiality Agreement and Order
Stowers v State Farm Mutual Automobile Insurance Company, Case No. 2:15-cv-01810-JAD-NJK
Page 6